# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| MELVIN GLAPION, | Case No. CV 16-0828 FMO (AJWx) |
| Plaintiff, | |
| v. | **ORDER RE: MOTION TO DISMISS** |
| KROLL ASSOCIATES INC., | |
| Defendant. | |

Having reviewed all the briefing filed with respect to defendant Kroll Associates, Inc.'s ("Kroll" or "defendant") Motion to Dismiss and to Strike Plaintiff's Second Amended Complaint [] (Dkt. 42, "Motion"), the court finds that oral argument is not necessary to resolve the Motion, see Fed. R. Civ. P. 78; Local Rule 7-15; Willis v. Pac. Mar. Ass'n, 244 F.3d 675, 684 n. 2 (9th Cir. 2001), and concludes as follows.

## INTRODUCTION

Plaintiff Melvin Glapion ("Glapion" or "plaintiff") filed this action against Kroll, his former employer, on February 5, 2016. (See Dkt. 1, Complaint). In the operative Second Amended Complaint ("SAC"), plaintiff asserts eight claims arising under California law: (1) sexual orientation discrimination; (2) sexual orientation harassment; (3) race discrimination; (4) retaliation; (5) failure to prevent discrimination, harassment, and retaliation; (6) retaliation under Cal. Labor Code § 1102.5; (7) defamation; and (8) wrongful termination. (See Dkt. 39, SAC at ¶¶ 28-73 & 91-109).

Plaintiff also asserts two claims arising under federal law: (1) violation of the whistleblower anti-retaliation provision of the Sarbanes-Oxley Act ("Sarbanes-Oxley" or "SOX"), 18 U.S.C. § 1514A; and (2) violation of the whistleblower anti-retaliation provision of the Dodd-Frank Wall Street Reform and Consumer Protection Act ("Dodd-Frank"), 15 U.S.C. § 78u-6. (See Dkt. 39, SAC at ¶¶ 74-90).

## PLAINTIFF'S ALLEGATIONS

Plaintiff, a gay black man, began working for Kroll as a managing director in Kroll's London office in 2010. (See Dkt. 39, SAC at ¶ 12). At Kroll's request, plaintiff relocated to Southern California and began working in Kroll's Los Angeles office in October 2013. (See id.). As a manager, one of plaintiff's responsibilities was to evaluate the performance of his employees and, if necessary, recommend poorly performing employees for termination. (See id. at ¶¶ 13-14). In August 2014, plaintiff recommended that Kroll terminate employee Josh Lichtman ("Lichtman"), a straight white man. (See id. at ¶ 14). Plaintiff alleges that as a result of his recommendation, members of Kroll's upper management began to direct discriminatory and harassing comments toward plaintiff. (See id. at ¶ 16). For example, director Mark Noellinger commented to a co-worker that plaintiff was "hunting straight white males" who did not fit with plaintiff's vision of a "gays-only office." (See id.). Similar remarks were made to members of plaintiff's office and occurred in both conversations and e-mail exchanges. (See id.).

After Lichtman was terminated, plaintiff reviewed Lichtman's e-mails and discovered a number of anti-gay comments and messages from Kroll managers encouraging Lichtman to undermine plaintiff. (See Dkt. 39, SAC at ¶ 18). As a result, in May 2015, plaintiff contacted Human Resources ("HR") on three occasions to request that telephonic meetings be scheduled with the authors of these comments. (See id. at ¶ 19). Despite plaintiff's repeated requests, HR took no action and refused to investigate plaintiff's allegations of discrimination. (See id.). On May 29, 2015, plaintiff contacted Kroll CEO Manny Conti ("Conti") directly. (See id. at ¶ 20). After plaintiff lodged his complaint with Conti, Conti responded by implying that plaintiff was seeking special treatment as a gay man, and failed to take any action. (See id.).

Around the same time, plaintiff claims to have discovered that a company called Vipshop,

a Chinese business listed on the New York Stock Exchange, had published earnings reports that contained deliberate misstatements. (See Dkt. 39, SAC at ¶ 21). Although Kroll served as a contractor for Vipshop, (see id. at ¶ 78), plaintiff did not make his alleged discovery through his work for Kroll, but rather through "research conducted on his own time in March 2015[.]" (Id. at ¶ 21). Plaintiff subsequently reported his findings to the Securities and Exchange Commission ("SEC") and anonymously published an article about Vipshop on the crowd-sourced investment newsletter website, "Seeking Alpha." (See id.).

Around June 2, 2015, Kroll began investigating plaintiff's article, which Kroll believed to be a violation of company policy. (See id. at ¶¶ 22-24). Upon learning of the investigation, plaintiff immediately disclosed his SEC report regarding Vipshop to Conti, as well as another SEC report plaintiff had previously filed regarding AmerisourceBergen, another company for which Kroll served as a contractor. (See id. at ¶¶ 22 & 79). On June 16, 2015, after completing its investigation, Kroll terminated plaintiff's employment. (See id. at ¶ 25).

## **LEGAL STANDARD**

A motion to dismiss for failure to state a claim should be granted if plaintiff fails to proffer "enough facts to state a claim to relief that is plausible on its face." Bell Atl. Corp. v. Twombly ("Twombly"), 550 U.S. 544, 570, 127 S.Ct. 1955, 1974 (2007); see Ashcroft v. Iqbal ("Iqbal"), 556 U.S. 662, 678, 129 S.Ct. 1937, 1949 (2009); Cook v. Brewer, 637 F.3d 1002, 1004 (9th Cir. 2011). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Iqbal, 556 U.S. at 678, 129 S.Ct. at 1949; see Cook, 637 F.3d at 1004; Caviness v. Horizon Cmty. Learning Ctr., Inc., 590 F.3d 806, 812 (9th Cir. 2010). The plaintiff must provide "more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." Twombly, 550 U.S. at 555, 127 S.Ct. at 1965; Iqbal, 556 U.S. at 678, 129 S.Ct. at 1949; see also Cholla Ready Mix, Inc. v. Civish, 382 F.3d 969, 973 (9th Cir. 2004), cert. denied, 544 U.S. 974 (2005) ("[T]he court is not required to accept legal conclusions cast in the form of factual allegations if those conclusions cannot reasonably be drawn from the facts alleged. Nor is the court required to accept as true allegations that are merely conclusory, unwarranted deductions of fact, or

unreasonable inferences.") (citations and internal quotation marks omitted). "Specific facts are not necessary; the [complaint] need only give the defendant[s] fair notice of what the . . . claim is and the grounds upon which it rests." Erickson v. Pardus, 551 U.S. 89, 93, 127 S.Ct. 2197, 2200 (2007) (per curiam) (citations and internal quotation marks omitted); see Twombly, 550 U.S. at 555, 127 S.Ct. at 1964.

In considering whether to dismiss a complaint, the court must accept the allegations of the complaint as true, Erickson, 551 U.S. at 93-94, 127 S.Ct. at 2200; Albright v. Oliver, 510 U.S. 266, 268, 114 S.Ct. 807, 810 (1994), construe the pleading in the light most favorable to the pleading party, and resolve all doubts in the pleader's favor. See Jenkins v. McKeithen, 395 U.S. 411, 421, 89 S.Ct. 1843, 1849 (1969); Berg v. Popham, 412 F.3d 1122, 1125 (9th Cir. 2005). Dismissal for failure to state a claim can be warranted based on either a lack of a cognizable legal theory or the absence of factual support for a cognizable legal theory. See Mendiondo v. Centinela Hosp. Med. Ctr., 521 F.3d 1097, 1104 (9th Cir. 2008). A complaint may be dismissed also for failure to state a claim if it discloses some fact or complete defense that will necessarily defeat the claim. See Franklin v. Murphy, 745 F.2d 1221, 1228-29 (9th Cir. 1984).

## DISCUSSION

I.  SARBANES-OXLEY.

Sarbanes-Oxley's anti-retaliation provision states that a covered employer may not

> discharge, demote, suspend, threaten, harass, or in any other manner discriminate against an employee in the terms and conditions of employment because of any lawful act done by the employee . . . to provide information, cause information to be provided, or otherwise assist in an investigation regarding any conduct which the employee reasonably believes constitutes a violation of [certain securities laws, rules, or regulations], when the information or assistance is provided to or the investigation is conducted by . . . a Federal regulatory or law enforcement agency [or] a person with supervisory authority over the employee (or such other person working for the employer who has the authority to investigate, discover, or terminate

4

misconduct)[.]

18 U.S.C. §§ 1514A(a)(1)(A) & (C).

Plaintiff alleges that Kroll violated Sarbanes-Oxley's whistleblower anti-retaliation provision by "ostracizing, humiliating and terminating" him as a result of the reports that he filed with the SEC. (See Dkt. 39, SAC at ¶ 81; see also Dkt. 43, Plaintiff's Opposition to Defendants' Motion to Dismiss and Motion to Strike Plaintiff's Second Amended Complaint ("Opp.") at 16). Kroll argues that it cannot be held liable for violating Sarbanes-Oxley because, under the circumstances here, it does not qualify as a covered employer under the anti-retaliation provision. (See Dkt. 42-1, Memorandum of Points and Authorities in Support of Partial Motion to Dismiss and to Strike Plaintiff's Second Amended Complaint by Defendant Kroll Associates, Inc. ("Memo") at 13-14).

Sarbanes-Oxley protects whistleblowers from retaliation committed by certain SEC-regulated companies or by "any officer, employee, contractor, subcontractor, or agent of such company[.]" 18 U.S.C. § 1514A(a). Plaintiff argues that Kroll is subject to 18 U.S.C. § 1514A because it was a contractor for Vipshop and AmerisourceBergen, which plaintiff alleges are "both SEC regulated entities for purposes of" Sarbanes-Oxley. (See Dkt. 39, SAC at ¶ 80; Dkt. 43, Opp. at 15-16). In support of his argument, plaintiff invokes Lawson v. FMR LLC, 134 S.Ct. 1158 (2014), in which the Supreme Court held that 18 U.S.C. § 1514A(a) "shelters employees of private contractors and subcontractors, just as it shelters employees of the public company served by the contractors and subcontractors." Id. at 1161. Plaintiff's argument is unpersuasive.

Although Sarbanes-Oxley does protect certain employees of private contractors that serve public companies, see Lawson, 134 S.Ct. at 1161, it does not protect every contractor employee in every circumstance. The Lawson court recognized that its holding could create "overbreadth problems" such as extending whistleblower protection "over employees who have no exposure to investor-related activities and thus could not possibly assist in detecting investor fraud." See id. at 1173; see also id. at 1178 (Sotomayor, J., dissenting) (stating that the majority's "interpretation gives § 1514A a stunning reach" such as "authoriz[ing] a babysitter to bring a federal case against his employer – a parent who happens to work at the local Walmart (a public company) – if the parent stops employing the babysitter after he expresses concern that the parent's teenage son

may have participated in an Internet purchase fraud"). As a result, the Lawson court explained that these overbreadth problems "may be resolved by various limiting principles." Id. at 1173. For example, the Lawson court endorsed the Solicitor General's argument "that § 1514A protects contractor employees only to the extent that their whistleblowing relates to the contractor fulfilling its role as a contractor for the public company, not the contractor in some other capacity." Id. (internal quotation and alteration marks omitted). In other words, a protected employee "has to be a person who is in a position to detect and report the types of fraud and securities violations that are included in the statute[; 18 U.S.C. § 1514A] refers to the contractor in that role, working for the public company." Id. (internal quotation and alteration marks omitted).

For Sarbanes-Oxley to protect a whistleblower employed by a contractor, "the whistleblowing must relate to the contractor's provision of services to the public company." Anthony v. Nw. Mut. Life Ins. Co., 130 F.Supp.3d 644, 652 (N.D.N.Y. 2015). That is, the whistleblower protection afforded by 18 U.S.C. § 1514A is limited "to situations where a contractor employee is functionally acting as an employee of a public company, and in that capacity, is a witness to fraud by the public company." Id.; see Tellez v. OTG Interactive, LLC, 2016 WL 5376214, *3 (S.D.N.Y. 2016) (same); Gibney v. Evolution Mtkg. Research, LLC, 25 F.Supp.3d 741, 748 (E.D. Pa. 2014) (limiting the scope of 18 U.S.C. § 1514A to avoid "making SOX a general anti-retaliation statute applicable to any private company that does business with a public company") (alteration marks omitted). Although the Ninth Circuit has not addressed whether and to what extent the scope of 18 U.S.C. § 1514A should be limited to address the "floodgate-opening concerns" described by the Lawson court, the court agrees with the Anthony court that Sarbanes-Oxley's anti-retaliation provision only protects a contractor or subcontractor employee who "is functionally acting as an employee of a public company, and in that capacity, is a witness to fraud by the public company." Anthony, 130 F.Supp.3d at 652.

Here, although plaintiff alleges that Kroll served as a contractor for Vipshop and AmerisourceBergen, (see Dkt. 39, SAC at ¶ 80), he does not allege that he worked on either contract, nor that he discovered fraud on the part of either company in his capacity as a Kroll

employee.¹ (See, generally, id.). Plaintiff does not dispute Kroll's assertion that "this is not a situation in which Plaintiff was fulfilling his role as a contractor for the public companies when he discovered and reported the violations." (Dkt. 42-1, Memo at 17 (internal quotation and alteration marks omitted); see, generally, Dkt. 43, Opp.). In short, because plaintiff was not "functionally acting as an employee" of either Vipshop or AmerisourceBergen, and thus was not, "in that capacity, . . . a witness to fraud" committed by either company, see Anthony, 130 F.Supp.3d at 652, the whistleblower protection afforded by 18 U.S.C. § 1514A does not apply to him. Plaintiff's Sarbanes-Oxley retaliation claim fails.

II.   DODD-FRANK.

Dodd-Frank provides that "[n]o employer may discharge, demote, suspend, threaten, harass, directly or indirectly, or in any other manner discriminate against, a whistleblower in the terms and conditions of employment because of any lawful act done by the whistleblower" in performing one of three enumerated protected activities. See 15 U.S.C. § 78u-6(h)(1)(A). Plaintiff alleges that he performed only one activity protected by Dodd-Frank: "making disclosures that are required or protected under the Sarbanes-Oxley Act of 2002[.]" 15 U.S.C. § 78u-6(h)(1)(A)(iii); (see Dkt. 39, SAC at ¶ 86) ("Plaintiff engaged in activity that is legally protected under the Dodd-Frank Wall Street Reform and Consumer Protection Act. Specifically, 15 U.S.C. § 78u-6(h)(1)(A)(iii) provides that an employer may not discharge or otherwise discriminate against an individual who makes 'disclosures that are required or protected under the Sarbanes-Oxley Act of 2002[.]'"). Because plaintiff's disclosures to the SEC regarding Vipshop and AmerisourceBergen are not protected under Sarbanes-Oxley, his Dodd-Frank claim fails.

III.   LEAVE TO AMEND.

Plaintiff requests leave to amend the SAC in the event the court dismisses any of his claims. (See Dkt. 43, Opp. at 19). Fed. R. Civ. P. 15(a)(2) provides that the court "should freely give leave [to amend] when justice so requires." See also Morongo Band of Mission Indians v.

---

¹ In fact, plaintiff states that he discovered Vipshop's alleged securities violations through "research conducted on his own time[.]" (See Dkt. 39, SAC at ¶ 21).

7

Rose, 893 F.2d 1074, 1079 (9th Cir. 1990) (The policy favoring amendment must "be applied with extreme liberality."). However, "[i]t is settled that the grant of leave to amend the pleadings pursuant to Rule 15(a) is within the discretion of the trial court." Zenith Radio Corp. v. Hazeltine Research, Inc., 401 U.S. 321, 330, 91 S.Ct. 795, 802 (1971). This decision is guided by an examination of several factors, including: (1) whether the amendment causes the opposing party undue prejudice; (2) whether the amendment is sought in bad faith; (3) whether the amendment causes undue delay; (4) whether the amendment constitutes an exercise in futility; and (5) whether the plaintiff has previously amended his or her complaint. See DCD Programs, Ltd. v. Leighton, 833 F.2d 183, 186 & n.3 (9th Cir. 1987).

Having liberally construed and assumed the truth of the allegations in the SAC, the court is persuaded that plaintiff's Sarbanes-Oxley and Dodd-Frank claims cannot be saved through amendment. See Lopez v. Smith, 203 F.3d 1122, 1129 (9th Cir. 2000) ("Courts are not required to grant leave to amend if a complaint lacks merit entirely."). Plaintiff's whistleblower retaliation claims fail because plaintiff is not a protected whistleblower within the meaning of Sarbanes-Oxley, see Anthony, 130 F.Supp.3d at 652, and thus did not perform a protected activity under Dodd-Frank. See 15 U.S.C. § 78u-6(h)(1)(A)(iii). Under the circumstances, the court believes it would be futile to afford plaintiff a fourth opportunity to state a claim under either theory. See United States ex rel. Cafasso v. Gen. Dynamics C4 Sys., Inc., 637 F.3d 1047, 1058 (9th Cir. 2011) ("[T]he district court's discretion to deny leave to amend is particularly broad where plaintiff has previously amended the complaint.") (internal quotation marks omitted).

## CONCLUSION

**This order is not intended for publication. Nor is it intended to be included in or submitted to any online service such as Westlaw or Lexis.**

Based on the foregoing, IT IS ORDERED THAT defendant Kroll Associates, Inc.'s Motion to Dismiss and to Strike Plaintiff's Second Amended Complaint **(Document No. 42)** is hereby **granted in part** and **denied in part** as follows. Plaintiff Melvin Glapion's federal claims under the Sarbanes-Oxley Act and the Dodd-Frank Wall Street Reform and Consumer Protection Act are **dismissed with prejudice**. The remainder of Kroll's Motion is **denied without prejudice** pending

8

further order of the court.

Dated this 17th day of October, 2016.

                    /s/
      Fernando M. Olguin
    United States District Judge